UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES GOODMAN,<br><br>Defendant. | No. 2:17-cr-00023-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Charles Goodman's ("Defendant") Motion for Compassionate Release. (ECF No. 167.) Defendant also filed a supplemental brief. (ECF No. 174.) The Government filed an opposition. (ECF No. 178.) Defendant filed a reply. (ECF No. 179.) For the reasons set forth below, the Court GRANTS Defendant's motion.

///
///
///
///
///
///
///
///

1

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On July 26, 2018, Defendant pleaded guilty to counts one and two of a seven-count indictment. Count One charged conspiracy to distribute and possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1). Count Two charged distribution of cocaine base in violation 21 U.S.C. § 841(a)(1).

On July 18, 2019, the Court sentenced Defendant to a total term of imprisonment of 84 months to be followed by 48 months of supervised release. Defendant is currently serving his sentence at FCI Sheridan. He has served approximately 43 months of his 84-month sentence of imprisonment and his projected release date is January 8, 2023.

On August 13, 2020, Defendant filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 167.) Defendant is 63 years old and claims he is particularly vulnerable to COVID-19 due to his age, race, various medical conditions, and current conditions of confinement. Defendant requests the Court to either (1) reduce his term of imprisonment to time served or (2) reduce his sentence to time served and add 29 months of home confinement — the unserved portion of his original sentence — to his term of supervised release.

In opposition, the Government admits Defendant "may technically be eligible" for release based on his health conditions. (ECF No. 178 at 7.) The Government nevertheless argues the Court should deny Defendant's motion because he is a continuing danger to the community and the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors do not support a reduced sentence. (*Id.* at 8–9.)

**II.   ANALYSIS**

   A.   Exhaustion

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

2

In the instant case, Defendant made a compassionate release request to the warden on April 21, 2020. Because 30 days have elapsed since April 21, 2020, it is undisputed Defendant has met the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

B. <u>Extraordinary and Compelling Reasons</u>

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Defendant's medical records — filed under seal — indicate he was recently diagnosed with prostate cancer. Defendant's records also indicate he is obese with a body mass index ("BMI") of 32.9. The Centers for Disease Control and Prevention ("CDC") has identified several medical conditions — including cancer and obesity — that place individuals at an increased risk of severe illness from COVID-19. *See* Centers for Disease Control, Coronavirus Disease 2019 (COVID-19), People Who Are at Higher Risk, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited September 14, 2020). Moreover, at 63 years old, Defendant's age also places him at greater risk of severe illness from COVID-19. *See* Centers for Disease Control, Coronavirus Disease 2019 (COVID-19), Older Adults, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited September 14, 2020). In addition, Defendant is housed at FCI Sheridan, a facility which currently reports five active inmate cases of COVID-19. The presence of COVID-19 in this

facility puts Defendant at great and particularized risk due to his well-documented, serious, and ongoing health conditions.

For these reasons, the Court finds Defendant has met his burden to demonstrate he is subject to a serious or unrecoverable condition that substantially diminishes his ability to provide self-care within a BOP facility. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A). As such, there are extraordinary and compelling reasons for Defendant's release.

### C. Continuing Danger

The Government argues that regardless of the health risks, Defendant is ineligible for compassionate release because he is a continuing danger to the community. (ECF No. 178 at 8); *see* U.S.S.G. § 1B1.13(2) (requiring courts to determine that a defendant is not "a danger to the safety of any other person or to the community" before granting compassionate release). Specifically, the Government argues Defendant has a lengthy criminal record and has "long-conspired to distribute cocaine and crack cocaine throughout the Sacramento area." (*Id.*) The Government also vaguely argues Defendant will "continue to contribute to the cycle of addiction and violence that accompanies drug trafficking if released." (*Id.*)

Despite the Government's arguments, the Court is not persuaded that Defendant is a continuing danger to the community. Notably, Defendant's lengthy criminal history does not include the possession of weapons or recent crimes of violence. The PSR indicates that Defendant's most recent violent crime was a misdemeanor battery in 1993. Most of Defendant's criminal convictions and parole violations are for drug possession. Based on the record before the Court, it is clear Defendant struggles with a long-term drug addiction, but it is not clear that he is a danger to others. Further, Defendant's age and deteriorating health make it unlikely he poses a continuing danger, especially during the current pandemic. Given these considerations, the Court finds Defendant does not pose a danger to the community.

### D. Section 3553(a) Factors

The compassionate release statute also requires courts to consider the § 3553(a) factors in determining whether to reduce a defendant's sentence. *See* 18 U.S.C. § 3582(c)(1)(A). Here, the Court finds the § 3553(a) factors, specifically the need to provide Defendant with medical care in the

most effective manner, weigh in favor of a time served sentence.  The Court believes the approximately 43 months Defendant has spent in prison constitutes a just punishment for his criminal offenses and is sufficient to deter such conduct in the future and protect the public from further crimes.  Put simply, keeping Defendant imprisoned longer would endanger Defendant's health without improving upon the purposes of sentencing.

In sum, Defendant has shown extraordinary and compelling reasons for a sentence reduction because his age and medical conditions put him in significant danger of suffering severe symptoms from COVID-19.  The Court also finds Defendant is not a danger to the community and the § 3553(a) factors support his release.

### III.   CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion for Compassionate Release.  (ECF No. 167.)  Accordingly, the Court modifies Defendant's sentence of imprisonment to time served followed by the 48-month term of supervised release imposed for his original sentence.

In addition, the Court imposes a special condition of supervised release that Defendant be subject to a 12-month period of home confinement, to begin as soon as possible after his release.  The terms of the special condition are as follows:

> Defendant shall be monitored for a period of twelve months, with location monitoring technology, which may include the use of radio frequency (RF), Global Positioning System (GPS) devices, Voice Recognition or SmartLink, at the discretion of the probation officer.  Defendant shall abide by all technology requirements, which could include the requirement of a cellular phone (SmartLink) or the installation of a landline (VoiceID).  Defendant shall pay the costs of location monitoring based upon their ability to pay as directed by the probation officer.  In addition to other court-imposed conditions of release, Defendant's movement in the community shall be restricted as follows:
>
> Defendant shall be restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer.

///

///

1  The Government shall serve a copy of this Order on the warden at FCI Sheridan forthwith.
2  Defendant shall be released only after all release plans are in place.
3  IT IS SO ORDERED.
4  DATED: September 14, 2020

Troy L. Nunley
United States District Judge